UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CONDE SYSTEMS OF FLORIDA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ROWMARK LLC; and SIGNCASTER CORPORATION d/b/a JOHNSON PLASTICS PLUS,<br><br>Defendants. | Case No. ____________________<br><br>Hon. Judge ____________________<br><br>Magistrate Judge ________________<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Conde Systems of Florida, LLC alleges as follows:

## NATURE OF THE ACTION

1. This action arises from the continued use of Plaintiff's SUBLILINEN mark by Rowmark LLC and Signcaster Corporation d/b/a Johnson Plastics Plus after they agreed to stop using the mark.

2. This is an action for breach of a settlement agreement, federal trademark infringement, false designation of origin, and unfair competition arising from Defendants' continued use of the trademark SUBLILINEN after they agreed in writing to stop.

3. Plaintiff Conde Systems of Florida, LLC ("Conde") and David M. McLean resolved a trademark dispute with Defendants Rowmark LLC ("Rowmark") and Johnson Plastics Plus ("JPP") by a written settlement agreement (the "Agreement").

4. Months after the Agreement's compliance deadline, Defendants continued to ship products in SUBLILINEN-labeled packaging and use the mark in customer order records, on its website, and in its product guides.

5. Conde seeks to enforce the Agreement, enjoin further infringement, and recover damages, profits, fees, and costs as authorized by law and the Agreement.

## THE PARTIES

6. Plaintiff Conde Systems of Florida, LLC is a Florida limited liability company with its principal place of business at 1314 Eastport Road, Suite B, Jacksonville, Florida 32218. Conde supplies blank substrates and related products to the sublimation and personalization industry.

7. Defendant Rowmark LLC is a Delaware limited liability company with its principal place of business at 5409 Hamlet Drive, Findlay, Ohio 45840. Rowmark manufactures and distributes engraving and sublimation substrates. Rowmark is the record owner of U.S. Trademark Registration No. 5,559,947 for JOHNSON PLASTICS PLUS, which covers retail and online store services.

8. Defendant Signcaster Corporation d/b/a Johnson Plastics Plus sells sublimation products through jpplus.com and lists Rowmark's Findlay address as its Ohio distribution center. Rowmark's chief executive officer, Eric Hausserman, signed the Agreement for both Rowmark and JPP. On information and belief, Rowmark operates the retail business described below under the Johnson Plastics Plus name and/or division.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over Counts II and III under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

10. This Court has supplemental jurisdiction over Counts I, IV, and V under 28 U.S.C. 1367(a), because they arise from the same post-settlement use of SUBLILINEN as the federal claims.

11. This Court has personal jurisdiction over Defendants because they operate in Findlay, Ohio, and, on information and belief, directed the accused sales and marketing from within this District. Additionally, in Paragraph 19 of the Agreement, Defendants agreed to litigate disputes brought by Conde concerning this agreement in a competent state or federal court in the Northern District of Ohio.

12. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (2). Both Defendants reside in this District and, on information and belief, directed the accused sales and marketing from Findlay. Additionally, Paragraph 19 of the Agreement provides for venue in this District for disputes brought by Conde concerning the Agreement.

13. Assignment to the Western Division is proper under Local Rule 3.8, because Rowmark's principal place of business is in Hancock County.

## FACTUAL ALLEGATIONS

### A. Conde's Rights in the SUBLILINEN Mark

14. Rowmark filed U.S. Trademark Application Serial No. 98/604,420 for SUBLILINEN (the "Mark") on June 17, 2024. Pursuant to Paragraph 3 of the Agreement, Rowmark assigned its entire interest in the application to Conde. The United States Patent and Trademark Office recorded the assignment on December 4, 2025, at Reel 9091, Frame 0334.

15. The application matured into U.S. Trademark Registration No. 8,234,081 (the "Registration") on the Principal Register on April 28, 2026, for "Cosmetic bags sold empty; Tote bags" in International Class 18 and "Textile fabrics for use in the manufacture of bags, travel accessories, kitchen accessories, and decorative items featuring sublimation print thereon; Pillow

cases; Place mats of textile; Place mats of textile material; Fabric place mats; Individual place mats made of textile; Textile place mats" in International Class 24.

16. Conde owns the Registration.

17. Conde uses the Mark in commerce in connection with sublimation-ready goods, including garden flags.

18. Registration No. 8,234,081 is valid and subsisting and constitutes *prima facie* evidence of the validity of the mark, of Conde's ownership of the mark, and of Conde's exclusive right to use the mark in commerce on the goods identified in the registration. 15 U.S.C. §§ 1057(b), 1115(a).

**B. The Settlement Agreement**

19. Before the Agreement, JPP used the Mark on goods including pillowcases, tote bags, and napkins. A dispute arose between the parties over that use.

20. The parties resolved that dispute by the Agreement. Rowmark and JPP signed on November 11, 2025. McLean signed for Conde and in his individual capacity on November 14, 2025 (the "Execution Date").

21. Paragraph 2 of the Agreement required Rowmark and JPP, within ten days of the Execution Date, to cease and permanently refrain from using the Mark or any confusingly similar designation for the listed goods and related goods or services, and to destroy any remaining inventory bearing the Mark. The listed goods include yard flags and fabric.

22. Paragraph 19 of the Agreement provides that Ohio law governs construction and enforcement of the Agreement in an action brought by Conde. It entitles the prevailing party in an action to enforce or interpret the Agreement to an award of its reasonable attorney's fees and costs, including on appeal.

23. Defendants' obligations to cease all use of the Mark and to destroy all remaining inventory bearing the Mark was November 24, 2025.

24. Conde performed its obligations under the Agreement.

25. Rowmark assigned the trademark application to Conde and made the payment required by Paragraph 5 of the Agreement.

**C. Defendants' Breach and Continued Use of the Mark**

26. A Conde customer reported receiving garden flags from JPP in May and June 2026 and provided photographs of the packaging, which bears the label "SubliLinen Garden Flag." JPP's records show that it shipped garden flags to that customer on orders in this timeframe.

27. On information and belief, at least some of the labeled inventory JPP shipped after November 24, 2025 remained from before the deadline and was not destroyed as required by Paragraph 2.

28. JPP's May 5, 2026 order record identified the white garden flags (JDW699) and natural garden flags (JDW770) as SubliLinen products. Its May 29 and July 9 order records also identified JDW770 as a SubliLinen product. A separate July 23, 2026 order record likewise identified JDW770 as a SubliLinen garden flag.

29. On August 5, 2026, JPP's fabric product page displayed "SUBLILINEN™ FABRIC (1-YARD)" in its navigation and used the Mark in a download link. JPP's garden flag product page also used the Mark in links to a product guide and a template.

30. On September 16, 2026, the source code of JPP's garden flag product page still used the Mark in a product name in its keyword metadata and in a comparison in its description metadata.

31. As of October 3, 2026, at least two JPP product guides were publicly accessible at URLs with filenames bearing the Mark. The guides are titled "SubliLinen Fabric 1-Yard" (JDW755) and "SubliLinen Garden Flag") (JDW770 and JDW699).

32. Conde and JPP have offered garden flags under the same Mark through their online stores to buyers of sublimation blanks. JPP's fabric and garden flags are also closely related to the textile fabrics and textile goods covered by Conde's Registration.

**D. Notice of Registration and Continued Use**

33. On August 17, 2026, Conde's counsel sent Defendants a written notice identifying Registration No. 8,234,081 and the accused uses of the Mark. Defendants' counsel responded in writing on September 25, 2026. Defendants had actual notice of the registration by at least that date.

34. Rowmark and JPP agreed in writing to cease using SUBLILNEN by November 24, 2025. After that deadline, JPP shipped garden flags in packaging bearing the Mark and continued to use the Mark on its website and in product guides. Conde's August 17, 2026 notice identified the accused uses and Conde's Registration. Defendants' counsel responded on September 25, 2026. As of October 3, 2026, two JPP product guides still used the Mark to identify JPP's goods and remained publicly accessible. Based on these facts, Conde alleges on information and belief that Defendants' continued use of the Mark was willful.

**E. Harm to Conde**

35. Defendants' use of the same Mark for the same or closely related goods sold through the same channels is likely to confuse buyers about the source or sponsorship of JPP's goods or their affiliation with Conde.

36. Defendants' continued use of the Mark deprived Conde of the benefit of the Agreement and of control over how goods bearing its Mark are presented to buyers. It also threatens to divert sales and harm Conde's goodwill.

37. The continued use after notice creates a risk of continued or renewed risk. Such use would impair Conde's control over the Mark and the goodwill it represents. Damages alone would not adequately remedy that harm.

**COUNT I**
**BREACH OF CONTRACT**

38. Conde incorporates paragraphs 1 through 37 as if fully restated.

39. The Agreement is a valid and enforceable contract between Conde and Defendants, supported by consideration.

40. Conde performed its obligations under the Agreement. All conditions precedent to Defendants' obligations and to Conde's right to recover have occurred or been performed.

41. Defendants breached Paragraph 2 of the Agreement by continuing to use the Mark for goods covered by that paragraph after November 24, 2025.

42. Defendants independently breached Paragraph 2 of the Agreement by failing to destroy the remaining inventory bearing the SUBLILINEN mark within ten days of the Execution Date.

43. Defendants' breaches are material.

44. Conde suffered harm from the breaches and seeks damages to be proven at trial, specific performance, and injunctive relief.

45. Under Paragraph 19 of the Agreement, Conde is entitled to its reasonable attorney's fees and costs incurred in this action and in any appeal if it prevails.

**COUNT II**
**FEDERAL TRADEMARK INFRINGEMENT**
**15 U.S.C. § 1114**

46. Conde incorporates paragraphs 1 through 37 as if fully restated.

47. Conde is the owner of United States Trademark Registration No. 8,234,081 for SUBLILINEN.

48. After the Mark registered on April 28, 2026, Defendants used it in commerce without Conde's consent in connection with the sale, distribution, offering for sale, or advertising or sublimation goods, including on the garden flag packaging and product pages described above.

49. Defendants' use is likely to cause confusion, to cause mistake, and to deceive as to the source, sponsorship, or approval of Defendants' goods.

50. Defendants' infringement is willful and was undertaken with knowledge of Conde's registration and in deliberate disregard of Defendants' contractual promise to stop using the mark. This is an exceptional case under 15 U.S.C. § 1117(a).

51. Conde seeks injunctive relief under 15 U.S.C. § 1116, an accounting and disgorgement of Defendants' profits, to its damages, to enhanced damages, to costs, and to its attorney's fees under 15 U.S.C. § 1117, and to destruction of infringing materials under 15 U.S.C. § 1118. Upon a finding of a violation, Conde is entitled under 15 U.S.C. § 1116(a) to a rebuttable presumption of irreparable harm.

**COUNT III**
**FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION**
**15 U.S.C. § 1125(a)**

52. Conde incorporates paragraphs 1 through 37 as if fully restated.

53. The Mark is distinctive and identifies Conde as the source of the goods it sells under the Mark.

54. After the Agreement's compliance deadline, Defendants used the Mark in commerce in connection with their goods without Conde's consent. That use is likely to confuse buyers as to the source, sponsorship, or approval of Defendant's goods or their affiliation with Conde.

55. Defendants' conduct constitutes false designation of origin and unfair competition under 15 U.S.C. § 1125(a)(1)(A).

56. Defendants' conduct is willful. This is an exceptional case under 15 U.S.C. § 1117(a).

57. Conde seeks injunctive relief under 15 U.S.C. § 1116, an accounting and disgorgement of Defendants' profits, to its damages, to enhanced damages, to costs, and to its attorney's fees under 15 U.S.C. § 1117, and to destruction of infringing materials under 15 U.S.C. § 1118. Upon a finding of a violation, Conde is entitled under 15 U.S.C. § 1116(a) to a rebuttable presumption of irreparable harm.

**COUNT IV**
**OHIO DECEPTIVE TRADE PRACTICES ACT**
**Ohio Rev. Code § 4165.01 *et seq.***

58. Conde incorporates paragraphs 1 through 37 as if fully restated.

59. Defendants, in the course of their business, have caused a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of their goods and as to their affiliation, connection, or association with Conde, in violation of Ohio Rev. Code § 4165.02(A)(2) and (A)(3).

60. Conde is likely to be damaged by Defendants' conduct and has been damaged by it.

61. Defendants acted willfully, knowing that their conduct was deceptive.

62. Conde seeks injunctive relief and actual damages to the extent proven under Ohio Rev. Code § 4165.03(A), and reasonable attorney's fees under § 4165.03(B).

## COUNT V
## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

63. Conde incorporates paragraphs 1 through 37 as if fully restated.

64. Conde has protectable rights in the Mark based on its use in commerce and its rights in the Mark described above.

65. Defendants' use of the SUBLILINEN mark on identical and closely related goods, in the same trade channels and to the same customers, is likely to cause confusion as to the source of the goods and constitutes trademark infringement and unfair competition under Ohio common law.

66. Defendants' conduct has damaged Conde and is likely to continue damaging Conde. Conde seeks injunctive relief and any damages proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Conde Systems of Florida, LLC respectfully requests that the Court:

a. Enter judgment in favor of Conde and against Defendants on all counts.

b. Permanently enjoin Defendants and those bound under Federal Rule of Civil Procedure 65(d)(2) from using the Mark or any confusingly similar designation in connection with the sale, offering for sale, distribution, or advertising of the goods identified in Paragraph 2 of the Agreement and related goods or services, consistent with the scope of that paragraph and the violations found. Direct Defendants to remove prohibited uses from product pages, metadata, and product downloads within their control.

c. Order specific performance of Paragraph 2, including destruction of any remaining inventory bearing the Mark. Under 15 U.S.C. § 1118, order delivery up and destruction of infringing labels, packaging, and other articles covered by that section.

d. Order Defendants to file with the Court and serve on Conde a sworn report detailing compliance within 30 days after service of the injunction, as provided in 15 U.S.C. § 1116(a).

e. Order an accounting of sales attributable to the infringing uses and award the profits recoverable under 15 U.S.C. § 1117(a), subject to applicable notice requirements.

f. Award Conde its proven damages, including for breach of the Agreement, and any compensatory enhancement warranted under 15 U.S.C. § 1117(a), without duplicative recovery.

g. Award reasonable attorney's fees and costs as authorized by Paragraph 19 of the Agreement and 15 U.S.C. § 1117(a), and reasonable attorney's fees if authorized by Ohio Rev. Code § 4165.03(B).

h. Award prejudgment and postjudgment interest as permitted by law.

i. Award such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: November 18, 2026

Respectfully submitted,

/s/ *Lisa A. Messner*

Lisa A. Messner (0074034)
MAC MURRAY & SHUSTER, LLP
6525 West Campus Oval, Suite 210
New Albany, Ohio 43054
Telephone: (614) 939-9955
Facsimile: (614) 939-9954
lmessner@mslawgroup.com

William B. Chadwick
(*pro hac vice* application forthcoming)
LOZA & LOZA LLP
305 N. Second Ave. #127
Upland, CA 91786
(385) 401-0465
william.chadwick@lozaip.com

*Attorneys for Plaintiff Conde Systems of Florida, LLC*